O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN KAY ELSTNER-BAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHERN PACIFIC MORTGAGE CORPORATION et al.,<br><br>    Defendants. | Case No. CV 10-07151 DDP (CWx)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Docket Nos. 30, 36, 40] |

    Presently before the court is Defendant Federal National Mortgage Association ("Fannie Mae")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion, dismisses Plaintiff's complaint with leave to amend, and adopts the following order.

    Karen Kay Elstner-Bailey ("Plaintiff"), a pro se plaintiff, filed a First Amended Complaint ("FAC") alleging six causes of action. Fannie Mae now moves to dismiss the FAC, asserting, among other things, that the FAC fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

///

1       Rule 8 does not require a plaintiff to plead detailed facts.
2  <u>Navajo Nation v. United States Forest Serv.</u>, 535 F.3d 1058, 1108
3  (9th Cir. 2008).  A complaint need only contain a "short and plain
4  statement of the claim showing that the pleader is entitled to
5  relief" and "a demand for the relief sought."  Fed. R. Civ. P.
6  8(a).  The complaint must, however, "give a defendant fair notice
7  of what the claim is and the grounds upon which it rests."
8  <u>Mendiondo v. Centinela Hosp. Med. Center</u>, 521 F.3d 1097, 1104 (9th
9  Cir. 2008) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
10 555 (2007) (alteration omitted).
11      Here, the FAC lists six causes of action.  The causes of
12 action do not, however, identify a particular claim, nor indicate
13 the defendant against which the cause of action is asserted.[1]
14 Plaintiff acknowledges that the complaint does "not specifically
15 identif[y] the defendant to the claim[s] asserted," and seeks leave
16 to correct the defects in her pleading.  (Opposition at 7.)
17      The court concludes that the FAC does not meet the pleading
18 requirements of Rule 8.  However, given the court's preference for
19 decisions on the merits, Plaintiff's <u>pro se</u> status, and her stated
20 intention to cure the FAC's deficiencies, the court concludes that
21 leave to amend is warranted.  Accordingly, Fannie Mae's Motion to
22 Dismiss is GRANTED.  Plaintiff's First Amended Complaint is
23 DISMISSED, with leave to amend.[2]  Any amended complaint shall be

---

[1] Though not entirely clear, Plaintiff's First Cause of Action does appear to refer to California Revenue Tax Codes §§ 23304.1, 23304.1(b), 23305a and California Civil Code §§ 1688, 1689(c). (FAC ¶ 27.)

[2] Having dismissed the complaint for failure to comply with Rule 8, the court does not attempt to discern or address the merits
(continued...)

2

filed within twenty days of the date of this order.[3]  Plaintiff's Motion to Compel Answer (Dkt. No. 36) is VACATED as moot.

IT IS SO ORDERED.

Dated: October 7, 2011

DEAN D. PREGERSON
United States District Judge

---

[2](...continued)
of Plaintiff's claims.

[3] Default was entered against defendant Mortgage Electronic Registration Systems, Inc. ("MERS") after MERS failed to respond to the FAC. (Dkt. No. 28).  It appears, however, that the summons did not identify MERS as a defendant.  Good cause being shown, MERS' Motion to Set Aside Default (Dkt. No. 40), is GRANTED.

3