O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN KAY ELSTNER-BAILEY, | ) | Case No. CV 10-07151 DDP (CWx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| v. | ) | **TO DISMISS** |
| | ) | |
| NORTHERN PACIFIC MORTGAGE | ) | |
| CORPORATION et al., | ) | |
| | ) | [Dkt. No. 53] |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Presently before the court is Defendants' Motion to Dismiss Case. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.    Background**

Plaintiff's Second Amended Complaint alleges two causes of action for breach of contract and quiet title in connection with the foreclosure sale of her home. Defendant Quality Loan Servicing Corporation, as Trustee of a Deed of Trust, recorded a Notice of Trustee's Sale on December 31, 2009. (SAC ¶ 28.) Defendant Federal National Mortgage Association ("FNMA") acquired the subject property at a Trustee's Sale held on June 3, 2010. (SAC ¶ 35.)

1    On June 23, 2010, FNMA filed an Unlawful Detainer complaint

2  against Plaintiff under California Code of Civil Procedure section

3  1161a.  (Defendants' Request for Judicial Notice, Ex. F.)  The

4  state court entered judgment in favor of FNMA on August 23, 2011.

5  (Id., Ex. G.)  Plaintiff filed her Second Amended Complaint in this

6  court on November 14, 2011.  Defendants now move to dismiss the SAC

7  in its entirety.

8  **II.  Legal Standard**

9    Under Federal Rule of Civil Procedure 12(b)(6), a complaint is

10 subject to dismissal when the plaintiff's allegations fail to state

11 a claim upon which relief can be granted.  When considering a

12 12(b)(6) motion to dismiss for failure to state a claim, "all

13 allegations of material fact are accepted as true and should be

14 construed in the light most favorable to [the] plaintiff."  Resnick

15 v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

16    In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the

17 Supreme Court explained that a court considering a 12(b)(6) motion

18 should first "identify[] pleadings that, because they are no more

19 than conclusions, are not entitled to the assumption of truth."

20 Id.  Next, the court should identify the complaint's "well-pleaded

21 factual allegations, . . . assume their veracity and then determine

22 whether they plausibly give rise to an entitlement to relief."

23 Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

24 Cir. 2009) ("In sum, for a complaint to survive a motion to

25 dismiss, the non-conclusory factual content, and reasonable

26 inferences from that content, must be plausibly suggestive of a

27 claim entitling the plaintiff to relief" (internal quotation marks

28 omitted).

### III. Discussion

Defendants argue that the SAC must be dismissed because the challenges it raises to the foreclosure proceedings were necessarily resolved in the state court unlawful detainer proceeding, in which FNMA was required to show that its title to the property was perfected. (Mot. at 4-5). Therefore, Defendants argue, res judicata bars Plaintiff from challenging the foreclosure in this proceeding.

An unlawful detainer proceeding is "summary in character," and "usually has very limited res judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims before the parties." Vella v. Hudgins, 20 Cal.3d 251, 255 (1977). Plaintiff cogently contends that she did not have the opportunity to raise title or foreclosure process issues in the unlawful detainer, and thus res judicata does not bar her claims here. (Opp. at 4.) The record, which includes a transcript of a pretrial hearing as well as the jury verdict form, appears to support Plaintiff's assertion that the state court focused on notice issues.

Res judicata bars claims that were or could have been raised in a prior state action. Dancy v. Aurora Loan Servs., LLC, Case No. C 10-2602 SBA, 2011 WL 835787 *4-5, (N.D. Cal. March 4, 2011). Title to property generally cannot be tried in an unlawful detainer action. Castle v. Mortgage Electronic Registration Systems, Inc., No. EDCV 11-538 VAP, 2011 WL 3626560 * 6 (C.D. Cal. August 16, 2011). California Code of Civil Procedure section 1161a, however, contains an exception to this general rule, and requires a

plaintiff who purchased property at a trustee's sale to show that he perfected title to the property. <u>Vella</u>, 20 Cal.3d at 255.

Here, FNMA filed its unlawful detainer suit against Defendant under Section 1161a. Defenses related to improprieties in the foreclosure proceedings and trustee's sale could have been raised in the unlawful detainer action. <u>Castle</u>, 2011 WL at *8-9. Res judicata, therefore, bars those claims from being relitigated here.[1]

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: June 8, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] Res judicata does not, however, necessarily bar actions which encompass "activities not directly related with the conduct of the sale." <u>Vella</u>, 20 Cal.3d at 256; <u>see also</u> <u>Albizo v. Wachovia Mortg.</u>, Case No. 11-cv-2991 KJN, 2012 WL 1413996 *4 (E.D. Cal. April 20, 2012).